## UNITED STATES v. 800 SACKS BARLEY MIXED OATS (E. E. ANDERSON, Intervener).

### No. 6624.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1933.

Ben F. Cameron, U. S. Atty., and Lester E. Wills, Asst. U. S. Atty., both of Meridian, Miss., for the United States.

J. L. Roberson and Sam C. Cook, Jr., both of Clarksdale, Miss., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The United States filed a libel to condemn two carloads of mixed barley and oats on the ground that they had been adulterated with water, in violation of section 7 of the Pure Food and Drugs Act of 1906, 21 USCA § 8. The averments as to adulteration were put in issue by appellee as owner and claimant of the grain.

According to the government's evidence, samples taken from one car contained 14.15, and from the other 14.33, per cent. of moisture. Water is used in the bleaching process to which the grain was subjected, and the percentage of moisture found was not as high as the 14.5 per cent. fixed by the Secretary of Agriculture under sections 2, 3 of the Grain Standards Act, 7 USCA §§ 74, 75. There was evidence to the effect that there was an average of 10 per cent. of moisture in 249 cars that had been recently inspected, but there was no evidence tending to show that the excess of 4 per cent. of moisture had any detrimental effect upon the quality of the grain in question. The district judge charged the jury that water used in the bleaching process did not constitute the substitution of one article for another; that if the presence of excessive moisture injured the quality of the grain, a verdict should be returned for the government; but that if the moisture only added to the weight of the grain without any injurious effect upon it, the claimant was entitled to a verdict. Upon these instructions the jury found for the claimant, and a judgment was entered dismissing the libel. The assignments of error while complaining of the court's charges, are really based upon the refusal to direct a verdict in favor of the United States.

We agree with the district judge that there was no substitution of moisture for grain. There is more or less moisture in ripe grain, depending upon locality, season of the year, and atmospheric conditions. Nor is it seriously contended that the percentage of moisture in the grain, which was less than that authorized by the Department of Agriculture under the Grain Standards Act, was deleterious or in any way injurious to the health of animals. The real insistence is that a purchaser of grain by weight would be paying a part of the purchase price for water. Two cases are relied on by appellant in support of this position. The first is Union Dairy Co. v. United States (C. C. A.) 250 F. 231, in which it was held that the addition of water to milk constitutes adulteration. That case is easily distinguishable from this. Water injuriously affects the quality and strength of milk and renders it less palatable, and less nutritive. But a mixture of barley and oats which contains an ex-

cess of 4 per cent. above the average of moisture is not injured thereby, or made less valuable or desirable as a food for animals. The other case, United States v. 154 Sacks of Oats (D. C.) 283 F. 985, is not in point here, because there the addition of wild oats, seeds of weeds, chaff, and dust to the grain afforded indubitable evidence both of substitution and adulteration. In United States v. Lexington Mill Co., 232 U. S. 399, 34 S. Ct. 337, 340, 58 L. Ed. 658, L. R. A. 1915B, 774, it is said: "As against adulteration, the statute was intended to protect the public health from possible injury by adding to articles of food consumption poisonous and deleterious substances which might render such articles injurious to the health of consumers." There is no claim here of misbranding or misrepresenting the weight of an article in commerce, and so we are not concerned with the question whether the grain could have been forfeited because of the owner's failure to disclose its true weight separately, and apart from the weight of the moisture contained in it. The conclusion is that the court did not err in giving the charges complained of, or in refusing to direct a verdict in favor of the United States.

The judgment is affirmed.