In re UNITED STATES.

No. 10845.

Circuit Court of Appeals, Fifth Circuit.

Dec. 16, 1943.

Golden N. Dagger, Sp. Asst. to Atty. Gen., and Jim C. Smith, U. S. Atty., of Birmingham, Ala., for petitioner.

Horace C. Wilkinson and Erle Pettus, both of Birmingham, Ala., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The United States in 1940 brought five libels under the Federal Food, Drug, and Cosmetic Act of 1938, 21 U.S.C.A. § 301 et seq., to condemn five lots of "ladle butter" and "packing stock butter" transported in interstate commerce to Cloverleaf Butter Co., because adulterated in that it "consists in part of a filthy animal substance". On seizure, Cloverleaf Butter Co. claimed the material, denied the adulteration, prayed for a more definite statement or bill of particulars as to what sort of matter was intended to be relied on as constituting the adulteration; and as to whether all the containers seized were claimed to be so adulterated; and if not, which ones. In February, 1942, the cases were consolidated for trial, but instead of passing on the motions for a more definite statement or otherwise trying the case, an order was made to allow the claimant to take possession of the butter and renovate it. The United States filed a motion to vacate this order and stop its execution. This motion was pending, a stay being granted, till October 4, 1943, when it was overruled and a new order made that the Marshal deliver the butter to the claimant at its renovating plant in Birmingham, for renovation, the identity of the several lots to be preserved, and the custody of the court being maintained, and full provision being made for the taking of samples by both sides before and after renovation, all at the expense of claimant. Jurisdiction was retained to dispose of the butter afterwards as if this order had not been granted. The United States petitioned this court for a writ of mandamus to compel the judge to vacate this order as being without authority of law, and to set a date certain for the trial of the case, an appeal not yet being available. We ordered that the judge show cause why the case should not be at once tried.

The judge in his response admits the proceedings as above, and gives as his reason why he should not be required to proceed to a final trial of the libels, without waiting for a renovation of the butter

therein described, facts which he states he understands are true; in brief that claimant has conducted for twenty-five years a regularly licensed plant in Birmingham for processing and renovating butter, its product being taxed under 26 U.S.C.A. Int. Rev.Code, § 2321, and regulated by 26 U.S. C.A. Int.Rev.Code, § 2325; that the seized material is not transported nor about to be offered to the public as food, but is to be renovated and processed in the plant and then packed and branded and disposed of under the just cited law; that there is public need for butter, and if the material can as a finished product be so used it ought to be, rather than condemned; so that it is prudent and right to see what can be done with it before trying the libels for condemnation.

■■■ We cannot by mandamus review or set aside the interlocutory order. Our only function at present is to decide whether the reason given for not presently trying the case is a good one. We do not think it is. The libels are filed expressly under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301, and following. For its purposes "food" is defined as "Articles used for food or drink for man or other animals" and "Articles used for components of any such article". § 321(f). The introduction into interstate commerce of any food that is adulterated is forbidden by Section 331(a). Food is declared by Section 342(a) (3) to be adulterated if it "consists in whole or in part of any filthy * * * substance". An adulterated article of food when introduced into interstate commerce may be seized for condemnation by libel. Section 334(a). By Section 334(d) any food condemned shall be disposed of as the court may direct, and if sold the proceeds go to the United States; "Provided, That after entry of the decree and upon payment of the costs of such proceedings and the execution of a good and sufficient bond * * * the court may by order direct that such article be delivered to the owner thereof to be destroyed or brought into compliance with the provisions of this chapter," etc. The Act thus provides for the saving from destruction of articles which ought to be saved, much as the judge has ordered here. It also provides in Section 334(c) for sampling to ascertain the truth before trial. But the plan of the Act is to determine first whether what is seized is really food under the Act, and is really adulterated as

alleged. If either is not true, the libel will be dismissed. If both are true, and decree is entered accordingly, then upon the conditions named in the Act the measures above quoted may be taken. We think the statutory proceedings ought to be precisely followed, and that no good reason is shown for further delaying to rule on the motions for a more definite statement and to bring the matter to a final trial.

Let a copy of this opinion be certified to the judge for his guidance. A formal mandamus may hereafter be issued if necessary.

WALLER, Circuit Judge (dissenting).

I do not take issue with what has been said in the majority opinion in this case, but do take issue with the action of the Court in saying anything at all except to say "Petition denied". The opinion of this Court seems to correctly interpret the applicable part of Federal Food and Drug and Cosmetic Act, but the majority, in my view, has indulged in the vacuous pastime of writing an advisory opinion "for the guidance" of the Court below.

We were petitioned for a writ of mandamus—not for advice—and the petitioner has not shown itself to be entitled to such a writ. It is the universal rule that a relator in mandamus must positively show not only that a clear duty devolves upon the respondent to perform a duty but that relator has a clear right to the performance of that duty. The petitioner has wholly failed to show a clear right to performance of the alleged duty.

The United States Attorney filed the libels in July, 1940, alleging that the food products were "adulterated * * * in that it consists in whole or in part of a filthy animal substance". It is not alleged that all of the cans of butter are adulterated, and nowhere were any facts alleged as to what the "filthy animal substance" was. Claimant promptly filed a motion for a more definite statement or for a bill of particulars. It was clearly entitled to have a bill of particulars showing whether all cans were adulterated and also what filthy matter was claimed to be in the product sought to be condemned. The motion was filed July 16, 1940. The petitioner did not supply the bill of particulars, nor does the record show that it ever set the motion down for a hearing. It is difficult to see how claimant could prepare its defense in

the absence of fuller information. The claimant has never answered. The case is not at issue, yet the United States Attorney is now shouting for a trial, and petitioning for a writ to require a trial when the case is not at issue and, for all the record shows, the delay is chargeable as much to him as to the claimant. Surely the Judge is not chargeable with the defect of petitioner's pleading in lack of specificity. The United States Attorney evidently was possessed of the information as to the alleged filthy animal substance because he now goes entirely out of the record and repeatedly asserts in his brief—which he surely knows is no substitute for pleading—that the butter contains maggots, dirt, hair, feather and maggot fat and other filthy matters.

The United States Attorney has not placed himself in position to insist that he has a clear right to have the respondent proceed to an immediate trial. Furthermore, he is seeking by mandamus to have this Court review an interlocutory order of the Court below. In this he succeeded. Mandamus is not a substitute for appeal. The action of the Court below may have been irregular, but no one is injured except perhaps the claimant. All costs of renovation are placed on it. Jurisdiction is retained. The Court can order renovated butter condemned as well as it can unrenovated butter. It is not being eaten while in custody of the Court.

Petitioner is not hurt but he hollered nevertheless.

I respectfully dissent.