## UNITED STATES v. FIVE HUNDRED (500) BAGS, MORE OR LESS, OF GREEN COFFEE.

### No. 642 Misc.

United States District Court
E. D. Louisiana, New Orleans Division.
Jan. 25, 1951.

N. E. Simoneaux, Asst. U. S. Atty., New Orleans, La., for plaintiff.

Phelps, Dunbar, Marks & Claverie and Edward D. Finley, Jr., all of New Orleans, La., for defendant.

CONNALLY, District Judge.

This is a proceeding under the Federal Food, Drug & Cosmetic Act, 21 U.S.C.A. § 301 et seq., seeking condemnation of 1,000 bags of coffee beans, in their green state, introduced into this country from Rio de Janeiro, Brazil, through the port of New Orleans on or about July 11, 1949. Five Hundred bags of the green coffee were stored and have remained at a warehouse in the City of New Orleans and within the Eastern District of Louisiana. The remaining 500 bags, on or about August 11, 1949, were shipped by rail to St. Louis, Missouri, where same have been located since such date.

Action No. 642, upon the miscellaneous docket of the United States District Court for the Eastern District of Louisiana, was filed as libel of information seeking condemnation of the 500 bags located within that District, and Cause No. 6750, upon the docket of the Eastern District of Missouri, was filed as libel of information seeking condemnation of the 500 bags reposing in St. Louis. By agreement of all parties and appropriate order the actions were consolidated for trial, No. 6750 in the Eastern District of Missouri being transferred for trial with No. 642 Miscellaneous, in the Eastern District of Louisiana. The consolidated action was tried before me without a jury the 15th day of January, 1951.

■ It appears conclusively that a substantial percentage of the coffee beans contain burrowings and holes made by insects, insect excreta and bodies or portions of bodies of the dead insects. A number of qualified analysts who have tested samples of the coffee have so testified. Likewise the insect infestation was manifest from an examination of samples offered and received in evidence. I find that the coffee was and is adulterated, within the meaning of 21 U.S.C.A. § 331. I do not think that the Claimant seriously contends to the contrary.

Claimant contends very vigorously, however, that this coffee, by reason of the fact that it is in its green state and will be roasted and ground before offered for sale to the consuming public, was not a "food", as that term is defined in Section 321(f),[1] citing U. S. v. 443 Cans of Frozen Egg Product, 3 Cir., 193 F. 589; U. S. v. 1 Can of Kololiva, D.C., 24 F.Supp. 110; and the unreported opinion of the District Court for the Southern District of New York in U. S. v. 35 Bags of Coffee Sweepings. It appears that in the last mentioned case, the Trial Court made findings of fact as follows: "There is no evidence in the case in which I could base any finding that green coffee is a food or has been considered a food."; and a conclusion of law that the libel should be dismissed.

■ Despite the fact that the last cited District Court opinion seems to be clearly in point, I cannot agree. The Claimant has offered testimony to show (and I think I might well take knowledge of the fact) that green coffee beans rarely, if ever, are sold at this time directly to the consuming public; that after coffee is roasted some quantities are sold directly to the consuming public, who may grind their own, but that a vast majority of all coffee sold to the consumer is ground and ready for use for making coffee.

■ It is my opinion that the fact that the green coffee beans must undergo certain processing before being sold to the consuming public does not exclude them from the statutory definition. U. S. v. 52 Drums Maple Syrup, 2 Cir., 110 F.2d 914. At the trial it was suggested that the roasting process, during which the bean is heated to a high temperature, might destroy the objectionable matter contained in these beans, but there is not sufficient evidence upon which I could make such finding. Shortly prior to the trial, I permitted withdrawal of substantial samples of the beans to permit the Claimant and representatives of the Government to roast and process the coffee. Neither side has offered evidence of the result, but counsel for the Claimant has advised me informally that at least some of the objectionable matter was present after the roasting process. Claimant further contends that despite the fact that the coffee long since has passed from the control of customs officials and has been released and delivered to the consignee, it should be permitted to re-export the coffee back to the country of its origin, or elsewhere. While this would appear to me to be an intelligent solution of the problem, it seems to be precluded by 230 Boxes of Fish v. U. S., 6 Cir., 168 F.2d 361.

I think the United States is entitled to its decree of condemnation.

1. 21 U.S.C.A. § 321(f): "The term 'food' means (1) articles used for food or drink for man or other animals, (2) chewing gum, and (3) articles used for components of any such article."

Counsel for Libellant will prepare suggested Findings of Fact and Conclusions of Law and decree in conformity herewith, and present same within twenty (20) days.

Clerk will notify counsel.