**UNITED STATES v. O. F. BAYER & CO.**

**UNITED STATES v. SAVOY TEA & COFFEE CO., Inc.**

**UNITED STATES v. POLIN BROS., Inc.**

**Nos. 213–215, Dockets 21946–21948.**

United States Court of Appeals Second Circuit.

Argued March 13, 1951.

Decided April 20, 1951.

Arthur B. Colwin, New York City, for claimants, Franklyn M. Stone, New York City, on the brief.

James M. McInerney, Asst. Atty. Gen., Frank J. Parker, U. S. Atty., Morris K. Siegel, Asst. U. S. Atty., Brooklyn, N. Y., for the United States as appellee, Vincent A. Kleinfeld, Atty., Dept. of Justice, and Paul M. Steffy, Atty., Federal Security Agency, Washington, D. C., of counsel.

Irving H. Saypol, U. S. Atty., New York City, for the United States as appellant, William F. Passannante, Asst. U. S. Atty., New York City, of counsel.

Before SWAN, CHASE and FRANK, Circuit Judges.

SWAN, Circuit Judge.

These appeals bring up for review three libels for seizure and condemnation under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq., of green coffee beans. The cases were tried to the court without a jury, two in the Eastern District of New York and one in the Southern District. The coffee beans involved in the three actions were all part of a common lot of 253 bags which were shipped in interstate commerce from Hoboken, New Jersey, to Brooklyn, New York, for the account of O. F. Bayer & Co. Bayer & Co. retained some of the bags, sold others to Savoy Tea and Coffee Co. Inc., of Brooklyn and still others to Polin Bros., Inc., who brought them to Manhattan. Judge Rayfiel in the Eastern District held that the goods there seized were "food" within the statutory definition, 21 U.S.C.A. § 321(f), were "adulterated" when introduced into and while in interstate commerce within the meaning of 21 U.S.C.A. § 342(a)(3), and were subject to condemnation pursuant to 21 U.S.C.A. § 334(a). From the resulting judgments, the respective claimants, O. F. Bayer & Co. in one case and Savoy Tea and Coffee Co. Inc. in the other, appealed. In the Southern District case, upon substantially

the same evidence, Judge Clancy dismissed the libel, and the United States has appealed. In this case the claimant was Polin Bros. Inc. Judge Clancy's decision was rested on two "findings of fact": (1) "no evidence in the case * * * that green coffee is a food," and (2) "no evidence in the case that the customary and necessary process to which the green coffee is subjected before intended for human consumption cannot render this seized material wholesome."

▉ The statutory definition of food is quoted in the margin.[1] As the briefs for the claimants concede, it is common knowledge of which a court may take judicial notice, that the drink called "coffee" is made from roasted coffee beans. It is also common knowledge that green coffee beans are used to produce the roasted coffee beans. Hence no evidence is necessary to establish that green coffee beans are a "food" as defined by the statute. Whether or not they are edible before being roasted, they are certainly "components" of an article used for food. Hence they fulfill the statutory definition of "food."[2] Nor is it material that a further process, "roasting," is necessary before they are intended for human consumption. A "food" does not have to be ready to eat or drink before it can be adulterated and subject to condemnation.[3] Decisions so holding are cited in the margin.[4] The Southern District case cannot be supported on either of the court's "findings of fact."

▉ Judge Rayfiel found that the articles seized were coffee sweepings, and that "There was mixed with the coffee sweepings extraneous filthy matter in the nature of dirt, wood splinters, matted fibers and other miscellaneous debris which was swept up with the coffee after it had been spilled" in the ship's hold or on the deck where the coffee was unloaded from the carrying vessel. He found also that prior to seizure an attempt was made by Arbuckle's Jay Street Terminal, Brooklyn, N. Y., to clean the coffee sweepings. This produced 58 bags of waste and 195 salvaged bags of coffee beans from the 253 bags subject to the cleaning operation. All of the articles seized were part of the 195 salvaged bags. "The articles seized still contain large quantities of dust, wood splinters and other foreign substances."[5] These findings are not "clearly erroneous"; the evidence amply supports them. Indeed, we think contrary findings would not have been sustainable. The claimants urge that the cleaning operation was merely inadequate and that the foreign matter will be eliminated by the roasting process to which the green beans will be subjected. But as already noted, food which is adulterated may be condemned even though it is intended to have the adulteration eliminated by a future process.[6]

▉ Finally, it is urged that the court should have exercised "its statutory discretion" to permit the claimants to export the seized articles, and section 334(d) of 21 U.S.C.A. is cited in support of this contention. This argument wholly misconceives the extent of the judge's authority under that section. Judge Rayfiel's decree made provision for salvage of the

1. Section 321(f), 21 U.S.C.A.: "The term 'food' means (1) articles used for food or drink for man or other animals, (2) chewing gum, and (3) articles used for components of any such article."

2. In accord with Judge Rayfiel's ruling to this effect is United States v. 500 Bags of Green Coffee, D.C., E.D.La., 97 F. Supp. 790.

3. 21 U.S.C.A. § 342 provides: "A food shall be deemed to be adulterated—(a) * * * (3) if it consists in whole or in part of any filthy, putrid, or decomposed substance, or if it is otherwise unfit for food; or (4) if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health; * * *."

4. United States v. 52 Drums Maple Syrup, 2 Cir., 110 F.2d 914; Union Dairy Co. v. United States, 7 Cir., 250 F. 231; In re United States, 5 Cir., 140 F.2d 19. See also United States v. Two Bags, etc., 6 Cir., 147 F.2d 123, 127; United States v. 24 Cans, etc., 5 Cir., 148 F.2d 365, 367.

5. Finding No. 7.

6. See cases cited in footnote 4 supra.

coffee under the supervision of the Federal Security Agency pursuant to section 334 (d), but no authority is given him by section 334(d) or by any other provision of the Act to permit export after condemnation. We so held in United States v. Kent Food Corp., 2 Cir., 168 F.2d 632, certiorari denied 335 U.S. 885, 69 S.Ct. 237, 93 L.Ed. 424.

The judgments of condemnation are affirmed. The judgment of dismissal is reversed and the cause remanded for further proceedings in conformity with this opinion.