**UNITED STATES of America, Plaintiff,**

v.

**155/137 POUND BURLAP BAGS,
etc., et al., Defendants.**

**Action No. 2:93CV63.**

United States District Court,
E.D. Virginia,
Norfolk Division.

May 28, 1993.

John Phillip Krajewski, U.S. Attorney's Office, Norfolk, VA, Chi Chi Wu, Dept. of Health & Human Services, Food & Drug Admin., Office of Gen. Counsel, Rockville, MD, for plaintiff.

Jeff Wayne Rosen, Adler & Rosen, Virginia Beach, VA, Jacob Dweck, Christopher Clay, Varet, Marcus & Fink, P.C., Washington, DC, for ED & F Man Cocoa, Inc.

Waverley Lee Berkley, III, Jett, Berkley, Furr & Padgett, Norfolk, VA, for Atlantic Cocoa Co., Cargill, Inc., Lonray Cocoa, Inc.

James Long Chapman, IV, Guilford D. Ware, Crenshaw, Ware & Martin, Norfolk, VA, David R. Hornig, Donovan, Parry, Walsh & Repetto, New York City, for Finagra USA, Inc.

Edward Lebbaeus Breeden, III, Breeden, MacMillan & Green, Norfolk, VA, for J. Aron & Co.

Jerrold G. Weinberg and Cecilia Ann Weschler, Weinberg & Stein, P.C., Norfolk, VA, Mark Fox Evens, Keller and Heckman, Washington, DC, for M & M/MARS, A Div. of Mars, Inc., Ambrosia Chocolate, A Div. of Grace Cocoa Associates, L.P.

Eric W. Schwartz, Mays & Valentine, Norfolk, VA, for Southern Commodities Services, Inc.

Patrick Hugh O'Donnell, Terence Murphy, Kaufman & Canoles, Norfolk, VA, Brian J.

Donato, Hyman, Phelps & McNamara, P.C., Irvine, CA, for Hershey Foods Corp.

David Neal Anthony, Daniel Reid Warman, Williams, Kelly & Greer, Norfolk, VA, George M. Burditt, Thomas J. Muldoon, Burditt and Radzius, Chicago, IL, for Lambert's Point Docks, Inc.

Lee Edward Wilder, Rutter & Montagna, Norfolk, VA, for Westway Merkuria Corp.

James Long Chapman, IV, Guilford D. Ware, Crenshaw, Ware & Martin, Norfolk, VA, for General Cocoa Co., Inc.

## OPINION

MILLER, United States Magistrate Judge.

On January 27, 1993, a complaint was filed by the United States against cocoa beans stored at Lambert's Point Docks in Norfolk, Virginia. The next day the United States Marshals arrested the cocoa beans and served the warrant of arrest upon Lambert's Point Docks, Incorporated. It is undisputed that Lambert's Point Docks, Incorporated has acted as a third-party custodian of the cocoa beans warehoused at its facility since the Marshals seized the beans on January 28, 1993.

On April 6, 1993, an Initial Pretrial Conference was held in this case. At that time the trial date was set for October 25, 1993. The cocoa beans remain in the custody of Lambert's Point Docks, Incorporated.

On May 4, 1993, Lambert's Point Docks, Incorporated filed a Motion for Leave to Fumigate the Cocoa Beans Warehoused at Lambert's Point Docks. This motion was served on all other parties to the proceedings. No claimant objected to the fumigation. On May 17, 1993, the United States filed a Memorandum of Law in Opposition to Claimant's Motion for Leave to Fumigate the Seized Articles. Lambert's Point Docks filed a reply brief on May 18, 1993. On May 21, 1993, the Court heard argument on the Motion for Leave to Fumigate the Seized Articles. On May 24, 1993, the Court entered an order granting the motion to fumigate the arrested cocoa beans. The Court advised the parties that an opinion setting forth its reasons for the fumigation would follow.

Lambert's Point Docks, Incorporated advised the Court that Spring in Norfolk has brought forth more than blossoms on the dogwood trees. The warm weather has brought forth an abundance of insects and additional rodents to the cocoa beans. The United States does not dispute this assertion.

The dispute over the beans boils down to a question of jurisdiction. Without pointing to any specific authority, Lambert's Point Docks suggests that the Court has jurisdiction to permit the warehouser of seized food articles to fumigate the food articles in order to preserve the beans. The United States, with a similar dearth of cited authority, asserts that the Court has no jurisdiction to permit the fumigation of the cocoa beans to eradicate the insects and rodents.

The briefs of the parties in this case establish that the Court cannot permit the reconditioning of the cocoa beans until the beans have been condemned. *See* 21 U.S.C. § 334(b)(1) and *In re United States,* 140 F.2d 19, 20 (5th Cir.1943); *United States v. Alcon Laboratories,* 636 F.2d 876, 883–84 (1st Cir.), *cert. denied,* 451 U.S. 1017, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981); *United States v. 76,552 Pounds of Frog Legs,* 423 F.Supp. 329 (S.D.Tex.1976). The claimant, Lambert's Point Docks, suggests that *Frog Legs* provides authority which permits the Court to allow fumigation in order to prevent the wastage of food products.

The Court agrees with the parties that it has no jurisdiction to order reconditioning of the cocoa beans prior to the condemnation of the beans. The Court further agrees with all parties that the mere fumigation of the insects and rodents would not raise these beans up from their alleged insanitary condition to an edible food product without further reconditioning. Stating the obvious does not resolve this case.

As the Court suggested at oral argument, authority exists under the Supplemental Rules for Certain Admiralty and Maritime Claims to give directions to the person having the warrant of seizure to preserve the property. The Court cited Rule E(4)(d), which states:

Directions With Respect to Property in Custody. The marshal or other person or

organization having the warrant may at any time apply to the court for directions with respect to property that has been attached or arrested, and shall give notice of such application to any or all of the parties as the court may direct.

Both the attorney for the plaintiff and the attorney for the claimant, Lambert's Point Docks, suggested that the Court had no authority under the Supplemental Rules for Certain Admiralty and Maritime Claims to give directions concerning this res. Counsel for claimants, Atlantic Cocoa Company, Cargill, Incorporated' and Lonray Cocoa, Inc., suggested to the Court that the Admiralty Rules did apply to the care, custody and control of the beans until the time of the condemnation and that the Court did have jurisdiction.

The Court concludes that Rule E(4)(d) of the Supplemental Rules of Admiralty provides the authority to order fumigation of the cocoa beans. Title 21, United States Code Section 334(b) states:

The article, equipment, or other thing proceeded against shall be liable to seizure by process pursuant to the libel, and the procedure in. cases under this section shall conform, as nearly as may be, to the procedure in admiralty; . . .

Rule A of the Supplemental Rules for Certain Admiralty and Maritime Claims states:

These Supplemental Rules apply to the procedure in admiralty and maritime claims within the meaning of Rule 9(h) with respect to the following remedies:

(1) Maritime attachment and garnishment;

(2) Actions in rem;

(3) Possessory, petitory, and partition actions;

(4) Actions for exoneration from or limitation of liability.

These rules also apply to the procedure in statutory condemnation proceedings analogous to maritime actions in rem, whether within the admiralty and maritime jurisdiction or not. Except as otherwise provided, references in these Supplemental

Rules to actions in rem include such analogous statutory condemnation proceedings.

The general Rules of Civil Procedure for the United States District Courts are also applicable to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules.

These bags of beans have been seized. The warrant has been served on Lambert's Point Docks. Lambert's Point Docks is in possession of the warrant and by its Motion for Leave to Fumigate the Seized Articles is in essence applying to the Court for directions with respect to the property that has been arrested. The action by Lambert's Point Docks is in full compliance with the Admiralty Rules.

Counsel for the plaintiff and for Lambert's Point Docks suggested that the Rules of Civil Procedure for United States District Courts are applicable to this case *after* the seizure and that the Supplemental Rules for Certain Admiralty and Maritime Claims do not apply. They, however, point to no authority for this proposition. The plaintiff suggests that the Court has no authority to deal with beans that it has ordered seized and arrested but has not yet condemned. The claimant, Lambert's Point Docks, suggests that the Court has some general power to prevent wastage of food as its authority to order the fumigation of the beans. Neither is correct. The Supplemental Admiralty Rules clearly give this Court authority to provide directions to the organization in control of the cocoa beans during the pendency of this law suit.

The Court notes that neither counsel nor the Court have discovered a case on point. The Court suspects that there is no definitive law on this issue because it is unlikely that the absurd position of the United States has been asserted seriously in a previous case. It seems irrational for a plaintiff to watch the destruction of property when fumigation conducted at the expense and effort of another party would preserve the res. The objection of the United States can be only explained as a club to pressure Lambert's Point Docks, Incorporated, into a condemnation settlement agreement. While the tactic is understandable, the result is not acceptable. Lambert's Point Docks, Incorporated has a right to pursue its defense in this case and a right to rely on the Court to protect the cocoa beans during the pendency of the condemnation proceedings.

Therefore, the Court GRANTS LEAVE to Lambert's Point Docks, Incorporated to apply fumigation gas to the beans in order to exterminate the insects and rodents.

The Clerk shall mail a copy of this Opinion to all counsel of record.