## THE SACRAMENTO.

(District Court, E. D. Wisconsin. July 5, 1904.)

1. Admiralty—Collision—Limited Liability Petition—Fault—Contest.

Where a petition in admiralty to limit the liability of a vessel and cargo for collision, as authorized by Admiralty Rules 54–57, failed to state the facts and circumstances by reason of which exemption from liability was claimed, as required by rule 56, the petition was insufficient to entitle petitioner to contest the question of fault on the part of its vessel.

2. Same—General Maritime Law.

Except as adopted by statute, the general maritime law is not the law of the United States.

On exception to the petition by Ohio Transportation Company, as owner of steamer Gladstone and bailee for cargo, and by the underwriters, as well, on such cargo, in respect of petitioner's allegations for leave to contest liability.

¶ 1. Limitation of shipowner's liability, see note to The Longfellow, 45 C. C. A. 387.

C. E. Kremer, for petitioner.

Goulder, Holding & Masten and Church, McMurdy & Sherman, for respondent.

SEAMAN, District Judge.    These proceedings are instituted by the owner of the Sacramento to limit liability arising out of a collision whereby the steamer Gladstone and her cargo suffered damage, and in the absence of a libel or suit on behalf of the vessel or cargo so damaged.    Leave is sought in the petition to contest therein the liability of the Sacramento, or owner, for such loss, and this twofold aspect of the petition is clearly authorized by the admiralty rules (54, 55, 56, and 57) adopted by the Supreme Court to carry out the provisions of the liability limitation act of 1851 (Rev. St. §§ 4283, 4285 [U. S. Comp. St. 1901, pp. 2943, 2944]).    But the exception is directed to the manifest noncompliance with rule 56, which requires the petitioner to "state the facts and circumstances by reason of which exemption from liability is claimed," if liberty is sought to contest the question of fault. The only contention in answer to this objection is that the rule was not intended for, and is not applicable to, the case of proceedings commenced by the owner to limit liability, when no libel or suit for recovery is pending.    It is argued that the rules were formulated in reference alone to cases wherein the vessel is libeled or the owner sued; that the independent proceeding by the owner was not then contemplated, nor recognized until the decision of Judge Blodgett in the Alpena Case, 8 Fed. 280, affirmed in Ex parte Slayton, 105 U. S. 451, 26 L. Ed. 1066.    I am satisfied that this contention is untenable, and that rule 56 plainly governs the petition under consideration.    The meaning of these rules, if otherwise open to question, is settled by the terms of rule 57, which, in its original form (13 Wall. xiii), authorized the filing of the petition before the vessel was libeled, and, as amended in 1889 (130 U. S. Append. ii, 9 Sup. Ct. iii, 32 L. Ed. 1085), was applied to cases where the owners were not sued, or were sued in another district.    In the Alpena Case, supra, the construction arose under the original rule, and was called for only by reason of the omission to mention suits in personam.    The act of 1851, alike with the early English law, adopted the general maritime rule for limited liability of vessel owners, but, unlike the English law, imposed no requirement for confession of fault on the part of the vessel as a condition precedent.    Norwich Co. v. Wright, 13 Wall. 104, 20 L. Ed. 585. Except as adopted by statute, the general maritime law is not the law of either country.    The Scotland, 105 U. S. 24, 28, 26 L. Ed. 1001.    In recognition of the distinction thus appearing in the act of Congress, rule 56 was prepared "to relieve shipowners from the English rule of practice" above mentioned, which "was deemed to be a very onerous requirement."    The Benefactor, 103 U. S. 239, 243, 26 L. Ed. 351.    The power of the Supreme Court to thus provide and establish the procedure and conditions for leave to contest liability of the vessel is unquestionable (Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 593, 3 Sup. Ct. 379, 617, 27 L. Ed. 1038), and I am of opinion that the rule in question not only intended to require the petitioner who initiated the proceedings to state the facts upon

which exemption was claimed before leave could be obtained to contest liability, but that the requirement is as reasonable in the one case as in the other. The applicability of rule 56 is expressly stated in Benedict's Admiralty, § 566, and recognized by Judge Hanford in The Trader (D. C.) 129 Fed. 462, 471.

The objection urged that the petitioner is thus "obliged to plead a negative" is without force, as the practice in the admiralty requires such statement of the facts in all pleadings, and in both libel and answer in collision cases the issues must be so stated. Whether the final issue of liability arises upon the allegations of the petition, or is made up independently upon the filing of claims, is a question not presented by the exception, though suggested upon the argument. The only question raised is the sufficiency of the petition to reserve to the owners the right to contest fault on the part of the Sacramento, and upon the view stated it is plainly insufficient, so that the exception is well taken. I deem it just, however, to indicate my impression of the bearing of the rule upon the final issue, namely, that the allegation to that end which the rule demands appears to be intended by way of full disclosure of the grounds of contest, as a prima facie test of bona fides, and not to frame the issue for such contest, wherein the affirmative may justly rest upon the party claiming recovery of damages for alleged fault. In other words, the purpose seems to be to preserve the right of contest, rather than to initiate the issue thereupon. As mentioned in the case of The Benefactor, 103 U. S. 241, 26 L. Ed. 351, the petitioners, who there filed their application to limit liability, after answering the libels, "restate the facts and circumstances on which they relied in their answers to the libels for exemption from all liability."

The exceptions to the petition are sustained accordingly, with leave to the petitioner to amend within 20 days.