## COLONIAL SAND & STONE CO., Inc., v. MUSCELLI.

### No. 57.

Circuit Court of Appeals, Second Circuit.
Nov. 2, 1945.

Frederic J. Locker, of New York City, for appellant.

Edmund F. Lamb, of New York City, for appellee.

Before L. HAND, SWAN and CLARK, Circuit Judges.

L. HAND, Circuit Judge.

The Colonial Sand & Stone Co., Inc., filed a petition to limit its liability under the Fifty-Third Admiralty Rule, 28 U.S.C.A. following section 723, which Muscelli, the claimant, moved to dismiss because (1.) it failed to set forth "the facts and circumstances by reason of which exemption from liability is claimed"; and (2.) because it did not allege that it had been filed within six months after he had given notice of his claim to the petitioner. The court dismissed the petition upon both grounds, and the petitioner appealed.

The petition alleged the following facts. The Colonial Sand & Stone Company was the charterer, and owner pro hac vice, of a lighter, which was seaworthy and fit for service at the time when the claimant Muscelli—the petitioner's employee—claimed to have sustained injuries on board. These injuries, if any, were suffered without the petitioner's knowledge, and were not caused by its fault or negligence, or that of any of its employees. Muscelli brought an action against it in the state court to recover $100,000, alleging that he was a seaman on board the lighter, that the petitioner's employees were negligent, and that he was injured by reason of their negligence and of a defect in the lighter. Since the value of the lighter does not exceed $14,000, and there was no pending freight, the petitioner in the action pleaded its right to limit liability, which Muscelli has denied by failing to reply. Muscelli was at the time covered by longshoremen's and harborworkers' compensation, which is his sole remedy, and of which he has elected to avail himself.

The Fifty-Third Rule requires a vessel owner in his libel or petition to "state the facts and circumstances by reason of which exemption from liability is claimed"; but the pleading is no different from any other libel. True, it has been a common custom in the admiralty not to confine pleadings to the "ultimate," "constitutive," or "operational," facts on which the right or defense depends, as is required in other branches of the law; but to set out a discursive narrative of the pleader's version of the events. That custom is more honored in the breach than in the observance; but, assuming that long tolerance has sanctioned it, there is no warrant for making it compulsory, and every reason to sustain a pleading which is adequate under ordinary canons. Indeed, the Twenty-Second Rule itself, which governs libels in instance causes, provides that the libel shall "allege in distinct articles the various allegations of fact upon which the libellant relies in support of his suit"; and that is not different in substance from Rule 8(a) of the Rules of Civil Practice, 28 U.S.C.A. following section 723c. Indeed, we are not clear what is the supposed defect in the petition at bar. The "facts and circumstances" on which the right to limit depended, are those set forth in the statute (§ 183, Title 46, U.S.C.A.) and the Fifty-First Rule. All that the vessel owner need prove, and all that he need allege, is that he has been "sued" for some "loss, damage or injury * * * done, occasioned or incurred, without" his "privity or knowledge," and that he wishes "to claim the benefit of limitation of liability." We may assume arguendo that more is required than to allege the bare fact that the owner has been sued: that is, that the general nature of the claim must be disclosed; and also it should appear why the owner should not be limited to interposing his privilege in the action or suit. But it would add nothing of the least service for the owner to plead the claimant's cause of action as he must plead it himself in the action, or will be obliged to plead it if he files a claim in the proceeding. Unless the owner meant to concede its validity he would have to accompany any such allegations in the petition with denials, and the whole would advance the ultimate decision not a whit. The right to limit is quite separate from the validity of the claim; indeed it is of no value unless the claim is valid. The petition invites no decision upon the claim; logically that issue comes later: i. e. after the claimant files a claim, if he ever does. We must not be misled by the fact that all the issues may for convenience be tried at one time. Nothing said in The Benefactor, 103 U.S. 239, 241, 26 L.Ed. 351, is in the least to the contrary. In The Trader, D.C., 129 F. 462, 471, and The Sacramento, D.C., 131 F. 373, it does not appear what was the contents of the petition; and in any event neither opinion indicates that more is necessary than was present here.

The second point has more substance. Section 185, Title 46, U.S.C.A., provides that "the vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition," etc. A question thus arises whether this limitation is a defense to be pleaded and proved by the claimant, or is so "annexed" to the privilege itself as to be a condition which the petitioner must allege and prove. There is no difference in substance between these views except as to the burden of proof, which has not yet arisen in the case at bar, and will not arise until the trial, if it does then. Since petitioner does not insist upon a ruling on the point now, but wishes to amend, we see no reason why we should decide it. In similar situations the result has depended upon the particular locution employed in the statute: that is, whether the limitation is verbally so incorporated with the grant of the right as to be deemed a condition, a matter so formal and barren that it is well to avoid commitment upon it until decision is inevitable. We shall therefore grant the petitioner leave to amend the petition as it wishes, by stating whether it was filed within the prescribed time.

Decree reversed, cause remanded with leave to petitioner to amend.