## UNITED STATES v. OLSEN.

### No. 11403.

Circuit Court of Appeals, Ninth Circuit.

May 15, 1947.

670

Theron L. Caudle, Asst. Atty. Gen., and Henry L. Hess, U. S. Atty., and J. Robert Patterson, Asst. U. S. Atty., both of Portland, Or. (Vincent A. Kleinfeld and John T. Grigsby, Attys., Dept. of Justice, both of Washington, D. C., of counsel), for appellant.

Barnett H. Goldstein, of Portland, Or., for appellee.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On a libel of information, appellant, the United States, proceeded against an article called a Spectro-Chrome found in possession of appellee, William Ray Olsen, in the District of Oregon. Process was issued, and the article was seized. Appellee intervened as claimant of the article, answered the libel and obtained an order directing that the article be returned to him, and it was so returned. Thereafter a trial was had, findings of fact and conclusions of law were stated, and a decree was entered dismissing the libel.[1] From that decree this appeal is prosecuted.

The proceeding was under § 304 of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 334, which provides:

"(a) Any article of food, drug, device,[2] or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce * * * shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States within the jurisdiction of which the article is found: * * *

"(b) The article shall be liable to seizure by process pursuant to the libel, and the procedure in cases under this section shall conform, as nearly as may be, to the procedure in admiralty; * * *

"(d) Any food, drug, device, or cosmetic condemned under this section shall, after entry of the decree, be disposed of by destruction or sale as the court may * * * direct and the proceeds thereof, if sold, less the legal costs and charges, shall be paid into the Treasury of the United States; * * *."

Section 502 of the Act, 21 U.S.C.A. § 352, provides: "A drug or device shall be deemed to be misbranded—

"(a) If its labeling[3] is false or misleading in any particular."

These facts are undisputed: The article in question—the so-called Spectro-Chrome—was an instrument, apparatus, or contrivance intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease of man and hence was a device, within the meaning of the Act.[4] The article was transported in interstate commerce from Newfield, New Jersey, to Portland, Oregon, in June, 1945. When the article was introduced into and while it was in interstate commerce, its labeling[5] was false and misleading. Hence the article was misbranded, within the meaning

---

[1] United States v. One Article of Device Labeled Spectro-Chrome, D.C.Or., 66 F.Supp. 754.

[2] Section 201(h) of the Act, 21 U.S.C.A. § 321(h), defines the term "device" as meaning "instruments, apparatus, and contrivances * * * intended (1) for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; or (2) to affect the structure or any function of the body of man or other animals."

[3] Section 201(m) of the Act, 21 U.S.C.A. § 321(m), defines the term "labeling" as meaning "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article."

[4] See footnote 2.

[5] See footnote 3.

of the Act,[6] when introduced into and while in interstate commerce.

This proceeding was commenced on July 26, 1945. At that time, the article was not in interstate commerce. That, however, is immaterial; for, having been misbranded when introduced into and while in interstate commerce, the article was liable to be proceeded against and condemned at any time thereafter.[7]

It is immaterial, if true, that appellee had purchased and paid for the article, had it in his home, was satisfied with it and desired to keep it; that the article was not inherently dangerous or harmful; that appellee did not intend to use it commercially or to permit its use by persons other than himself and his mother and brothers, all of whom were over 21 years of age; and that appellee believed that he and his mother had been benefited by its use. Such facts could not and did not exempt the article from the provisions of § 304 of the Act, 21 U.S.C.A. § 334.

It is said that appellee has a right to prescribe for himself and to "seek to cure himself of physical ailments by any means he chooses, so long as the means chosen is not inherently dangerous or harmful."[8] Such a right, if it exists, is subordinate to the rights of appellant under § 304 of the Act, 21 U.S.C.A. § 334.

There is no merit in the contention that § 304 of the Act, 21 U.S.C.A. § 334, is unconstitutional. The section is constitutional,[9] is applicable to this case and should be followed. Accordingly, the so-called Spectro-Chrome—the article proceeded against in this case—should be seized and condemned.

Decree reversed and case remanded for further proceedings in conformity with this opinion.

---

6 See § 502 of the Act, 21 U.S.C.A. § 352.

7 See § 304 of the Act, 21 U.S.C.A. § 334.

8 United States v. One Article of Device Labeled Spectro-Chrome, supra, 66 F. Supp. 755.

9 United States v. 935 Cases of Tomato Puree, 6 Cir., 136 F.2d 523; United States v. 62 Packages of Marmola Prescription Tablets, D.C., W.D.Wis., 48 F. Supp. 878, affirmed in 142 F.2d 107; United States v. Two Bags of Poppy Seeds, 6 Cir., 147 F.2d 123. See, also, Hipolite Egg Co. v. United States, 220 U.S. 45, 31 S.Ct. 364, 55 L.Ed. 364; McDermott v. Wisconsin, 228 U.S. 115, 33 S.Ct. 431, 57 L.Ed. 754, 47 L.R.A., N.S., 984, Ann.Cas.1915A, 39; Seven Cases of Eckman's Alterative v. United States, 239 U.S. 510, 36 S.Ct. 190, 60 L. Ed. 411, L.R.A.1916D, 164.