## SALAMONIE PACKING CO. v. UNITED STATES.

### No. 13549.

Circuit Court of Appeals, Eighth Circuit.

Jan. 6, 1948.

Writ of Certiorari Denied March 29, 1948.

See 68 S.Ct. 744.

Israel Treiman, of St. Louis, Mo., and William C. Bachelder, of Indianapolis, Ind. (Lashly, Lashly, Miller & Clifford, of St. Louis, Mo., and Bachelder, Bachelder & Fife, of Indianapolis, Ind., on the brief), for appellant.

Drake Watson, U. S. Atty., of St. Louis, Mo. (Vincent A. Kleinfeld, of Washington, D. C., on the brief), for appellee.

Before SANBORN, WOODROUGH, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The Government, pursuant to § 304(a) of the Federal Food, Drug, and Cosmetic Act of June 25, 1938, 21 U.S.C.A. § 334(a), instituted five separate libels against certain cases of canned tomato juice shipped in interstate commerce by appellant. In each libel the Government sought the condemnation of the accused tomato juice on the ground that it was adulterated within the meaning of 21 U.S.C.A. § 342(a) (3), in that it consisted, in whole or in part, of a decomposed substance by reason of the presence of decomposed tomato material. The libels were consolidated. The appellant in its answer denied that its product was "adulterated", and alleged that it was "neither harmful nor poisonous, but good and safe for human consumption." On motion of the Government, the court struck from the answer the allegation that the juice was fit for human consumption.

The case was tried to a jury. The Government's evidence showed that the accused tomato juice contained mold and decomposed tomato material. There was no evidence that the juice was unfit for food. Some evidence was introduced by appellant to show that the juice was not offensive to the sense of smell or taste, and that no decomposed material was observable to the naked eye. At the close of the evidence, appellant moved for a directed verdict on the ground that there was no evidence that the accused product was unfit for food. The District Court denied the motion. The jury returned a verdict for the Government. From the judgment and decree, directing the destruction of the tomato juice, this appeal is taken.

The contentions of appellant are (1) that an article of food must be proved to be unfit for food before it can be adjudged to be "adulterated" within the meaning of § 342(a) (3) of Title 21 U.S.C.A., and (2) that evidence of fitness for food is admissible in determining whether an article of food is "adulterated".

The pertinent language of § 342 is as follows:

"A food shall be deemed to be adulterated—

"(a) * * * (3) if it consists in whole or in part of any filthy, putrid, or decomposed substance, or if it is otherwise unfit for food * * *."

The following paragraph of appellant's brief concisely states its position relative to this language: "The section of the statute referred to above provides that food is to be deemed adulterated if 'it consists in whole or in part of a filthy, putrid, or decomposed substance, or is otherwise unfit for food.' The last phrase of the above provision 'or is otherwise unfit for food' was placed in the statute when the law was re-enacted in 1938. It is appellant's contention that this phrase qualifies the preceding part of the sentence; and means that the product must not only be decomposed, but must be decomposed to the extent of being unfit for food; and that, therefore, the burden is on the government to prove that the product is unfit for food before the government can demand the destruction of the product."

Virtually the same argument which appellant makes here was presented to and rejected by the Circuit Court of Appeals of the Tenth Circuit in the case of United States v. 1851 Cartons, etc., 10 Cir., 146 F. 2d 760. We think that the court in that case has fully demonstrated that the statute means that food which contains filthy, putrid, or decomposed matter is to be deemed adulterated, whether or not it is fit for food. Apparently, for years, food processors have been endeavoring, unsuccessfully, to secure a ruling which would compel the Government, in cases such as this, to prove that an accused article of food contained so much decomposed matter as to make it unfit for human consumption. See United States v. Two hundred cases of Adulterated Tomato Catsup, D.C., D.Or. 211 F. 780, 782, 783 and other cases cited in United States v. 1851 Cartons, etc., supra, page 761 of 146 F.2d.

If the statute in question needs amendment, in the public interest, to guard against the possibility of the destruction of wholesome food by the Government, the appellant's remedy is to call the matter to the attention of Congress.

We conclude that the District Court did not err in ruling that the question whether the tomato juice was fit for food was not and could not be made an issue in the case.

The judgment appealed from is affirmed.