**UNITED STATES v. 4 DEVICES, LABELED IN PART "COLOR-THERM" et al.**

No. 3899.

United States Court of Appeals
Tenth Circuit.

July 27, 1949.

Robert E. Shelton, U. S. Atty., Oklahoma City, Okl. (Alexander M. Campbell, Asst. Atty. Gen., and Joseph L. Maguire, Atty., Federal Security Agency, Washington, D. C., on the brief), for appellant.

Clark Hurd, Oklahoma City, Okl. (E. B. Simmons, San Antonio, Tex., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order dismissing an action to condemn instituted unthe Federal Food, Drug, and Cosmetic Act, 52 Stat. 1040, as amended by the Act of June 24, 1948, 62 Stat. 582, 21 U.S.C.A. §§ 301–392.[1]

The action was commenced by filing a libel seeking the seizure and condemnation of 4 devices, 9 applicators, 15 cabinets, 14 transformers, and certain documents designated as instructions. The information alleged that the articles were devices as defined in 21 U.S.C.A. § 321(h) and were misbranded within the meaning of 21 U.S.C.A. § 352(a), while held for sale after shipment in interstate commerce, by reason of false and misleading labeling claims that the devices were effective in the treatment of any disease and in particular of disorders of the "liver, eyes, female trouble, asthma, nervousness and sinus trouble."

Each device consists of a wooden cabinet with a series of tubes on top thereof for producing colored lights similar to neon lights, together with electrical connections needed to operate them and an accessory applicator consisting of two tubes, a handle and an extention cord to connect it with the main device. The user is instructed to place his bare feet on the cabinet tubes, elevate his head so that he can see the colors, and to massage with the applicator tubes the area of the body affected.

Lee, a salesman of the devices, filed a petition in intervention in which he alleged that he was the owner of the seized devices; that they were seized without a search warrant; that the instructions did not physically accompany the devices in interstate commerce, and were not affixed to the devices while in Lee's possession, and that he had not shipped the instructions in interstate commerce.

The case came on for trial without a jury. Lee and his counsel admitted that the devices and applicators had been transported in interstate commerce into the State of Oklahoma.

The evidence established that in February, 1949, Lee, at Britton, Oklahoma, gave inspectors of the Food and Drug Administration one copy each of two instructions; that other copies were in Lee's possession; that the copies were typed in Oklahoma from an original instruction circular furnished to Lee by Dr. Fred Gerkey of Mission, Kansas, and were to be used in connection with the sale of the devices; that it was Lee's practice when he made a sale of one of the devices to fold a copy of one of the instructions and place it under the tubes in the device before delivering it to the purchaser.

Before the United States had an opportunity to introduce medical testimony to establish that the instructions contained false and misleading statements concerning the therapeutic value of the devices, the court held that, since the instructions did not move in interstate commerce, there was no false labeling within the meaning of the Act.

The pertinent provisions of the Act read as follows:

"§ 201(m). The term 'labeling' means all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article." 21 U.S.C.A. 321(m).

---

[1] Hereinafter called the Act.

"§ 304(a). Any article of * * * device, * * * that is * * * misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce * * * shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States within the jurisdiction of which the article is found * * *." 21 U.S.C.A. 334(a), as amended.

"§ 502. A drug or device shall be deemed to be misbranded—(a) If its labeling is false or misleading in any particular." 21 U.S.C.A. 352(a).

■ It was not necessary that the instructions be physically attached to the devices. They accompanied such devices within the meaning of § 301(m), supra. In Kordel v. United States, 335 U.S. 345, 69 S.Ct. 106, 109, the court said: "One article or thing is accompanied by another when it supplements or explains it, in the manner that a committee report of the Congress accompanies a bill. No physical attachment one to the other is necessary. It is the textual relationship that is significant."

Here, the devices and instructions for the use thereof were in Lee's possession and when a sale was effected the device and instructions were delivered simultaneously.

The devices were misbranded by Lee while held for sale after shipment in interstate commerce.

■ The purpose of the Act is to safeguard the consumer by applying its requirements to articles from the moment of their introduction into interstate commerce all the way to the moment of their delivery to the ultimate consumer, and the Act embraces misbranding while held for sale after shipment in interstate commerce.[2]

■ In United States v. Sullivan, 332 U.S. 689, 697, 68 S.Ct. 331, 92 L.Ed. 297, the court held that the Act, so construed, does not exceed the constitutional power of Congress under the commerce clause or invade the powers reserved to the states.[3]

■ Lee's contention that review should have been sought by writ of error rather than appeal is without merit. Appeals were substituted for writs of error by the Act of January 31, 1928, 45 Stat. 54.

The Judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

---

[2] United States v. Sullivan, 332 U.S. 689, 696–697, 68 S.Ct. 331, 92 L.Ed. 297.

[3] See, also, McDermott v. Wisconsin, 228 U.S. 115, 131, 33 S.Ct. 431, 57 L.Ed. 754, 47 L.R.A.,N.S., 984, Ann.Cas.1915A, 39.