**LEE v. UNITED STATES.**

No. 4138.

United States Court of Appeals
Tenth Circuit.

March 12, 1951.

Clark Hurd, Oklahoma City, Okl., and E. B. Simmons, San Antonio, Tex., for appellant.

James M. McInerney, Asst. Atty. Gen., Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., John T. Grigsby, Atty., Dept. of Justice, Washington, D. C., William J. Risteau, Atty., Federal Security Agency, for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an action to condemn certain devices, instituted under the Federal Food, Drug and Cosmetic Act, 52 Stat. 1040, as amended by the Act of June 24, 1948, 62 Stat. 582, 21 U.S.C.A. §§ 301–392.[1]

The devices are called "Color-Therm." Each consists of a cabinet, a series of tubes mounted thereon which produce colored lights similar to neon lights, an applicator attachable to the cabinet by an extension cord and consisting of a handle and two tubes similar to those described above, and electrical accessories and connections for the operation of the device.

The action was commenced by filing a libel of information. The libel alleged the Color-Therms to be devices as defined in 21 U.S.C.A. § 321(h) and that they were misbranded within the meaning of 21 U.S.C.A. § 352(a), while held for sale after shipment in interstate commerce, by reason of false and misleading claims in certain documents designated as instructions,[2] which accompanied the devices, that the devices were effective in the treatment of any disease, and particularly in disorders of the "liver, eyes, female trouble, asthma, nervousness and sinus trouble."

Lee, a salesman of the devices, filed a petition in intervention in which he alleged that the instructions seized with the devices did not physically accompany the devices in interstate commerce and were not affixed to or connected with the devices while they were in his possession; that prior to the seizure of the devices the use of such instructions had been abandoned and new and appropriate circulars had been

substituted therefor; and that he had not shipped the instructions in interstate commerce. He did not deny that the representations made in the instructions were false and misleading, or that, prior to such alleged abandonment, the instructions had accompanied the seized devices while they were held by him for sale after shipment thereof in interstate commerce.

An investigation of the devices and instructions was made by agents of the Food and Drug Administration on February 7 and 8, 1949. The seizure took place shortly after March 7, 1949.

The case came on for hearing and Lee admitted that the devices had been shipped in interstate commerce and were held for sale by him after such shipment, and that assembled devices were kept and displayed for sale at his place of business, which was a room in his house, and that he also kept in such room copies of the instructions. One of the instructions was introduced in evidence. Lee admitted its authenticity. The instructions direct the user to place his bare feet on the cabinet tubes, position his head so that he can see the colors, and massage with the applicator tubes the area of the body he desires to treat. The evidence established that on February 7, 1949, Lee, at Britton, Oklahoma, gave inspectors of the Food and Drug Administration one copy of the instructions; that other copies were in Lee's possession; that the copies were typed in Oklahoma from an original instruction circular furnished to Lee by Fred Gerkey of Mission, Kansas, and were used by Lee in connection with the sale of the devices; that it was Lee's practice when he made a sale of one of the devices to fold one of the instructions and place it under the tube of the device before delivering it to the purchaser. When it appeared that the challenged instructions had not moved in interstate commerce, the trial court held that there was no false labeling within the meaning of the Act and dismissed the proceeding. On appeal we reversed. See United States v. 4 Devices, Labeled in Part Color-Therm, 10 Cir., 176 F.2d 652. We held that it was not necessary that the instructions be

1. Hereinafter called the Act.

2. Hereinafter called instructions.

physically attached to the devices; that the instructions accompanied the devices within the meaning of 21 U.S.C.A. § 321 (m), if they supplemented or explained the devices, and that in such a situation textual relationship, rather than physical attachment is the significant fact.[3] We further held that the Act embraces the misbranding of a device while held for sale after shipment in interstate commerce.

On remand the trial court sustained a motion of the United States for summary judgment. In support of the motion, in addition to the pleadings in the proceeding, the United States submitted: A certified copy of a libel of information filed in the United States District Court for the Southern District of California, Central Division, and thereafter transferred to the Western District of Missouri, against a like device; answer of Fred Gerkey filed therein; the judgment entered in that cause adjudging the devices misbranded by a set of instructions substantially identical with those involved in the instant action and ordering condemnation of the devices and instructions, and an affidavit made by Lee on February 8, 1949. The affidavit averred: that Lee was the Oklahoma distributor for Fred Gerkey, who makes the devices; that he acted upon Gerkey's instructions; that the instructions were brought to Oklahoma City by Gerkey on or about July 15, 1948; that he had additional copies of the instructions typewritten, and that the devices or the unassembled parts thereof were shipped to him in Oklahoma from points outside the State of Oklahoma. Lee admitted that the instructions were false and misleading.

■ From the foregoing, other than the evidence introduced at the original hearing, the following facts were established without contradiction and no issue existed with respect thereto, namely: The devices had been shipped in interstate commerce and were thereafter held for sale by Lee; the

original set of instructions was transported in interstate commerce; from those original instructions typewritten copies were made; the instructions were false and misleading; copies of the instructions were kept by Lee in his place of business, which was a room in his house, where the assembled devices were kept and displayed for sale; the instructions explained the devices, directed the manner of using them to cure disease and were textually related to the devices; prior to the seizure and while the devices were held for sale after shipment in interstate commerce, the false and misleading instructions accompanied the devices; Gerkey was the owner of the devices; and Lee acted as the agent of Gerkey and followed Gerkey's instructions.

Therefore, if any issue of fact remained, it arose because of the allegation by Lee in his intervention that sometime before the seizure Lee had abandoned the use of the false and misleading instructions.

21 U.S.C.A. § 334(a) provides that any device that is "misbranded when introduced into or while in interstate commerce or while held for sale * * * after shipment in interstate commerce, * * * shall be liable to be proceeded against while in interstate commerce, *or at any time thereafter,* on libel of information and condemned in any district court of the United States within the jurisdiction of which the article is found." (Italics ours.)

■ Once a device is misbranded when introduced into or while in interstate commerce, or while held for sale after shipment in interstate commerce, it is subject to seizure at any time, and the fact that at the time of seizure, the false label is not upon the device or does not accompany the device does not purge the device of its prior false labeling or render it immune from seizure and condemnation.[4]

Affirmed.

---

3. See Kordel v. United States, 335 U.S. 345, 350, 69 S.Ct. 106, 93 L.Ed. 52.

4. United States v. Various Quantities of Articles of Drug, D.C.D.C., 83 F.Supp. 882, 887; United States v. 1 Dozen Bottles, etc., 4 Cir., 146 F.2d 361, 363. See, also, United States v. Olsen, 9 Cir., 161 F.2d 669, 671; United States v. 52 Drums Maple Syrup, 2 Cir., 110 F.2d 914, 915; United States v. Two Bags, etc., 6 Cir., 147 F.2d 123, 128.