### BRUCE'S JUICES, Inc. v. UNITED STATES.

No. 13506.

United States Court of Appeals Fifth Circuit.

March 4, 1952.

Harold C. Farnsworth, Tampa, Fla., Wm. C. Bachelder, Indianapolis, Ind., for appellant.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., John T. Grigsby, Atty. Dept. of Justice, Washington, D. C., George Earl Hoffman, U. S. Atty., Pensacola, Fla., James M. McInerney, Asst. Atty. Gen., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES, and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from judgments entered on verdicts for the United States, condemning

as adulterated, under Secs. 334(a) & (b), and 342, Title 21 U.S.C.A., shipments of cans of blended pineapple and grapefruit juice, claimant in the consolidated causes is here seeking their reversal.

Of its claimed errors, three go to the matters of procedure, three to matters of substance.

Of the latter, the first is that a verdict should have been directed on the ground that the United States had not proved the food to be unfit for human consumption.

The second is that failure of the government to publish its standard for the product seized, as required by Sec. 341, Title 21 U.S.C.A., precludes enforcement of the adulteration provisions of the title.

. The third is that a verdict should have been directed because the United States failed to prove that the product was decomposed as charged.

■ Of the first of these, it is sufficient, we·think, to say that it was not brought under the "otherwise unfit for food" provision, Sec. 342(a) (3). The libel charged that the product was adulterated in that it was decomposed and the proof conformed to the libel. Appellant's contention, in effect that the alternative provision of the section must be read into the prior provision, will not do. It is contrary to the plain language and meaning of the statute and, as appellant admits, to its uniform construction by the courts.[1]

■ Of its second position, there is little that needs saying, for the plain answer to it is that, as clearly appears on its face, Sec. 341, invoked by appellant, has no relation to, no connection with, the adulteration provisions of the act. United States v. 36 Drums of Pop'n Oil, 5 Cir., 164 F.2d 250.

It relates to, its office is in connection with the misbranding provision, Sec. 343(h).[2]

■ Its third position, that there was a failure to prove the decomposition as alleged, searches the whole record. If the judge had instructed a verdict against claimant, and the search were for evidence which would support a verdict for it, we should agree with claimant that the search would not be in vain. Unfortunately for it, however, with a jury verdict against it, the shoe is on the other foot. The search must reveal, not that there is no substantial evidence in support of claimant's view, but that there is none for condemnation, and the record contains not only some evidence, but enough evidence, if believed, to support the verdict.

We come now to appellant's claims of procedural error, to find, as a brief analysis will show, that they are no better taken.

■ As to the first, that the libel was not sufficiently specific and the exception to it on that ground should have been sustained, it need only be pointed out that, assuming without deciding[3] that the exception was technically good, no prejudice whatever is shown to have followed its overruling. Appellant was given all the time it needed to put its evidence in, and no claim was, or could have been, made that, because of the meagerness of the libel, appellant was prevented by surprise from fully rebutting the government's proof.

■ The second, that the court forced claimant to accept the Government tests for decomposed matter, is not borne out by the record. What and all, that the record shows is that the Government proceeded in its way to show decomposition, and claimant proceeded in its way to rebut the show-

1. United States v. Two Hundred Cases, etc., Salmon, D.C.S.D.Tex., 289 F. 157; Salamonie Packing Co. v. United States, 8 Cir., 165 F.2d 205, certiorari denied 333 U.S. 863, 68 S.Ct. 744, 92 L.Ed. 1142; United States v. 1851 Cartons, etc., 10 Cir., 146 F.2d 760, 761; United States v. 935 Cases, etc., Tomato Puree, D.C.N.D. Ohio, 65 F.Supp. 503; United States v. Lazere, D.C.N.D.Iowa, 56 F.Supp. 730, 732; United States v. 184 Barrels Dried Whole Eggs, D.C.E.D.Wis., 53 F.Supp. 652, 655–656.

2. Cf. Federal Security Adm'r v. Quaker Oats Co., 318 U.S. 218, 63 S.Ct. 589, 87 L.Ed. 724.

3. Cf. Seven cases of Eckman's v. United States, 239 U.S. 510, 36 S.Ct. 190, 60 L. Ed. 411; Colonial Sand & Stone Co. v. Muscelli, 2 Cir., 151 F.2d 884.

ing. The claimant, it is true, did insist that the Government's mold count method of showing decomposition, especially as sought to be·applied in this case, was erroneous, but this went to its weight and not to its admissibility, and it was for the jury to decide, as the court permitted it to do, the weight and effect of the opposing evidence.

Its final complaint, that the court erred in refusing to permit the jury to subject the samples to the test of their senses of sight, smell, and taste, on first and casual consideration, does seem to have merit. Wigmore on Evidence, 3rd Ed. Vol. 4, Sec. 1151; but see Sec. 1152. But the merit is only seeming, for the matter proposed to be determined by the senses of the jury, whether the article is decomposed, was not a matter cognizable by the senses, and was, therefore, not a matter for which such tests are suitable.

What the ruling should have been if the issue had been, as appellant contended it was, whether the juice was fit for use as food, is not before us for decision. The issue being what it was, sampling by the jury could not have solved it.

We are of the opinion that the ruling complained of was within the allowable discretion of the district judge and could not constitute reversible error.

No reversible error appearing, the judgment is affirmed.