UNITED STATES v. ALLBROOK FREEZING & COLD STORAGE, Inc.

No. 13581.

United States Court of Appeals
Fifth Circuit.

March 4, 1952.

John T. Grigsby, Atty., Department of Justice, Washington, D. C., James M. McInerney, Asst. Atty. Gen., Joseph E. Brown, U. S. Atty., Jackson, Miss., for appellant.

R. W. Thompson, Jr., Gulfport, Miss., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging that they consisted, in whole or in part, of decomposed and filthy substance, moldy and rotten berries which had been shipped in interstate commerce from Ponchatoula, Louisiana, to Gulfport, Mississippi, and there packaged with sugar added, the amended libel sought the seizure and condemnation, under the Federal Food and Drug Act,[1] of the 1000 cans, more or less, in which they were packed, as an adulterated article of food.

Intervening as claimant, Allbrook Freezing & Cold Storage, Inc. denied that the product seized was adulterated. Denying also that the seized cans were, or had been, shipped, in interstate commerce, and insisting that, since they had not been, they were not subject to seizure and condemnation under the act, and the court was without jurisdiction of the libel, they moved that the libel be dismissed and the seized property released.

Thereafter, interrogatories having been answered, the motion to dismiss was heard and sustained for the reasons briefly stated by the judge in his letter to counsel,[2] and elaborated in his findings of fact[3] and conclusions of law,[4] and the libel was dismissed.

1. 21 U.S.C.A. § 334(a) et seq.

2. "I have considered carefully the record and briefs in Cause No. 1062, U. S. A. v. 1000 Cans, Frozen Strawberries and rest in the conclusion that the Court does not have jurisdiction. Since Title 21, Sec. 341, U.S.C. provides that no definition or quality of fresh fruits or vegetables shall be established, I am of the opinion that even though the strawberries might have been adulterated when introduced into interstate commerce, yet no law was violated. The strawberries came to rest at a time when no law had been violated and not having been shipped in interstate commerce thereafter, I am of the opinion that no law was violated. * * * "

3. Findings of Fact.
"1. Between April 24 and May 2, 1950, raw strawberries were purchased by the claimant in Ponchatoula, La., and were packed in flats and shipped from Ponchatoula, La., to Gulfport, Miss., to the plant of the claimant, solely for the purpose of being processed, canned and frozen.

"2. The strawberries were sorted, washed, and mixed with sugar, processed for freezing and frozen, at Gulfport, Miss.

"3. Seizure was made of the strawberries after they had been sorted, washed and processed at Gulfport, Miss., and before they had been placed in Interstate Commerce.

"4. The seizure was made of strawberries which were not held for sale in interstate commerce and had not been shipped or introduced into interstate commerce, nor intended to be introduced in interstate commerce until samples taken by claimant's chemist, examined, tested and certified to as complying with the Pure Food Drug & Cosmetic Act.

"5. The processing of said strawberries was not complete at the time of the seizure and were not at that time intended to be introduced in interstate commerce or to be held for sale in interstate commerce.

"6. No tolerance or standard of quality had been promulgated by the Administrator for fresh strawberries or for frozen strawberries."

4. Conclusions of Law.
"1. Title 21, Sec. 334, U.S.Code Ann. provides for jurisdiction and seizure. This Section provides that an article shall be liable to be proceeded against in Interstate Commerce or at any time thereafter if it is adulterated when introduced into or while in Interstate Commerce, or while held for sale after shipment in Interstate Commerce.

"2. Title 21, Sec. 341, United States Code Annotated provides that no definition of standard or identity or quality shall be established for fresh fruits or vegetables.

"3. The seizure herein was premature in that at said time, the Pure Food, Drug & Cosmetic Act had not been violated nor was it the intention of Claimants to violate it.

"4. Since the frozen strawberries, the subject of the seizure, had not been introduced into Interstate Commerce, were not being held in Interstate Commerce and were not being held for sale after shipment in Interstate Commerce, this court is without jurisdiction and the cause should be dismissed for lack of jurisdiction."

Appealing from that dismissal order, libelant is here seeking its reversal. Attacking as untenable the reasons given by the district judge for dismissing the libel: (1) that, since Sec. 341 of the act provides that no definition or quality of fresh fruits shall be established, shipments of fresh strawberries, even if adulterated, are not subject to condemnation and seizure; and (2) that, since the frozen and canned strawberries have not been introduced into commerce, their seizure is premature; appellant insists that the order dismissing the libel was erroneous and must be reversed.

We agree. In Bruce's Juices v. United States, 5 Cir., 194 F.2d 935, we rejected a contention as to Sec. 341, quite similar to that advanced below in support of the decision to dismiss. For the reasons, and upon the authorities there cited, we reject the contention made here.

Nor do we find any better taken the second ground for dismissing the libel, that the strawberries after being processed ceased to be the strawberries which moved in interstate commerce and became a new product which cannot be seized unless and until it moves in interstate commerce in its changed form. If this were a sound view, and adulterated constituents of processed products could be seized only when in their unprocessed form, the enforcement of the act would be easily defeated. That it is not sound, a reading of the act, which contains no such limitation, makes clear. It is made clear, too, by the many cases, some of which are cited in the margin,[5] which have dealt with the question either in its precise or a kindred form.

The order dismissing for want of jurisdiction was erroneously entered. It is reversed and the cause is remanded with directions to hear the libel on its merits.

---

5. Hipolite Egg Co. v. U. S., 220 U.S. 45, 31 S.Ct. 364, 55 L.Ed. 364; In re United States, 5 Cir., 140 F.2d 19; Lee v. U. S., 10 Cir., 187 F.2d 1005; Union Dairy Co. v. U. S., 7 Cir., 250 F. 231; U. S. v. 40 Bbls. * * * Coca Cola, 6 Cir., 215 F. 535; U. S. v. Sullivan, 332 U.S. 689, 68 S.Ct. 331, 92 L.Ed. 297; U. S. v. 36 Drums * * * Pop'n Oil, 5 Cir., 164 F.2d 250; U. S. v. 24 Cans * * * Labeled Butter, 5 Cir., 148 F.2d 365, certiorari denied 325 U.S. 752, 66 S. Ct. 90, 90 L.Ed. 450; McAllister v. U. S., 5 Cir., 194 F.2d 386.