Petition of **THE TANKER HYGRADE NO. 18, INC.,** owner of **THE** Tank Barge **HYGRADE NO. 18,** and Diesel Vessel Operators, Inc., and Spentonbush Fuel Transport Service, Inc., for exoneration from or limitation of liability.

Petition of **NEW YORK SCOW CORPORATION,** owner of **THE** Tug **CHAPLAIN,** and Ira S. Bushey & Sons, Inc., Diesel Vessel Operators, Inc., and Spentonbush Fuel Transport Service, Inc., for exoneration from or limitation of liability.

United States District Court
S. D. New York.

Sept. 27, 1958.

Macklin, Speer, Hanan & McKernan, New York City, for claimant, Steers Sand & Gravel Corp.

Foley & Martin, New York City, for petitioners.

DIMOCK, District Judge.

To the petition of Tanker Hygrade No. 18, Inc., owner of the Tank Barge Hygrade No. 18, and Diesel Vessel Operators, Inc., and Spentonbush Fuel Transport Service, Inc., for exoneration from or limitation of liability and to the petition of New York Scow Corporation, owner of the tug Chaplain, and Ira S. Bushey & Sons, Inc., Diesel Vessel Operators, Inc., and Spentonbush Fuel Transport Service, Inc., for exoneration from or limitation of liability, Steers Sand and Gravel Corporation, a claimant, takes certain exceptions.

■ Claimant contends first that "the facts averred in the petitions fail to state fully and frankly the cause of the disaster or petitioners' belief with respect thereto, based upon petitioners' knowledge, as supplemented by subsequent investigations of the disaster, by its own proctors, and the United States Coast Guard." As Judge Learned Hand stated in Colonial Sand & Stone Co. v. Muscelli, 2 Cir., 151 F.2d 884, 885, the owner need only allege and prove "that he has been 'sued' for some 'loss, damage or injury * * * done, occasioned or incurred, without' his 'privity or knowledge,' and that he wishes 'to claim the benefit of limitation of liability.' "

■ Petitioners set forth in their petitions allegations from the complaint of another claimant herein as plaintiff in a suit instituted in the United States District Court for the Southern District of New York. These allegations are:

"That on the night of January 19, 1958 or the early morning of January 20, 1958 the tug Jim Steers while navigating in the general vicinity of Stepping Stones Light, Kings Point Light, Nassau County, New York, was caused to sink with the plaintiff's intestate on board due to the negligence of Steers Sand & Gravel Corporation and the unseaworthiness of the tug Jim Steers and due to the negligence of Ira S. Bushey & Sons, Inc., Diesel Vessel Operators, Inc., New York Scow Corporation, Spentonbush Fuel Transport and Tanker Hygrade No. 18, Inc. in the navigation of the tug Chaplain and her tow, the barge Hygrade No. 18, and by reason of the unseaworthiness of the tug Chaplain and the barge Hygrade No. 18."

Petitioners deny the allegations of negligence and unseaworthiness and state that "[i]f the happening alleged in the said suit hereinabove referred to occurred, said incident occurred without the privity or knowledge of the petitioners herein or either or all of them." This is a sufficient compliance with the rule of the Colonial Sand & Stone case.

■ Claimant's second exception states that "the facts averred in the petition fail to state facts sufficient to entitle petitioners to limitation of or exoneration from liability." In support of this contention claimant cites E. I. Du

Pont de Nemours & Co., Inc. v. Bentley, 2 Cir., 19 F.2d 354, where it was held that a charterer, to get the benefits of the Limitation Act, must allege that he is a charterer of the kind described in the Act.

The Limitation Act, R.S. § 4286, 46 U.S.C. § 186, provides, "The charterer of any vessel, in case he shall man, victual, and navigate such vessel at his own expense, or by his own procurement, shall be deemed the owner of such vessel within the meaning of the provisions of this chapter relating to the limitation of the liability of the owners of vessels".

In each petition at least one petitioner pleads that it is alleged by others to have owned the vessel in question and to have "operated, manned, managed, controlled and navigated" it. Each petitioner denies that it "owned, * * * manned, managed, controlled or navigated" the vessel but pleads "if the averments of others are proven, then said petitioner will have been proven to have been a charterer which owned, operated, managed, controlled or navigated" the vessel "at its own expense or by its own procurement". Although a plea in the language of the statute would have been preferable, I accept each of these statements that the petitioners will have been proven to have been "a charterer which owned" the vessels in question as a conclusion of the pleader that petitioner will have been proved to have been a charterer with all of the characteristics which would constitute it an owner under the provisions of the Limitation Act.

I understand, however, that claimant's real objection to the allegation is that it constitutes hypothetical pleading. Petitioners' position is in substance that they are not charterers who may be deemed owners under the Limitation Act but if they are proved to be charterers who may be deemed owners then they will seek limitation of liability.

There is no objection to hypothetical pleading in admiralty. It is expressly sanctioned by Rule 8(e) F.R.Civ.P. and the Rules of Civil Practice are being fol-lowed as models in the admiralty. Unter-singer v. United States, 2 Cir., 172 F.2d 298; Esso Standard Oil Co. v. United States, 2 Cir., 174 F.2d 182.

There is every reason why petitioners should be permitted to raise the issue of liability by denying that they are charterers and at the same time to reserve their right to limit liability if they lose on the issue they raise.

Exceptions numbered First and Second are overruled in each case.

So ordered.