
Matter of the Petition of Frank Charles RUSSELL, Sr. and Hazel Russell, as Owners of a Fleetwood Craft Motor Boat, bearing New York State Registration No. 52810, for Exoneration from all liability, Civil and Maritime.

Civ. No. 7910.

United States District Court
N. D. New York.

Nov. 1, 1960.

Oliver, Scully & Delaney, Albany, N. Y., Thomas J. Delaney, Albany, N. Y., of counsel, for petitioners.

Leary, Fullerton, Ford & Aussicker, Saratoga Springs, N. Y., for claimants.

JAMES T. FOLEY, District Judge.

The claimants, William F. Deuel, an infant, and his father, William B. Deuel, who have actions pending in Supreme Court, Saratoga County, for personal injuries sustained by the infant in a boating accident on the Hudson River, seek to dismiss this proceeding for exoneration from or limitation of liability. 46 U.S.C.A. § 183 et seq. With such dismissal, accompanying relief is sought that would allow the prosecution at this time of the suits pending in the State court. In the alternative, it is requested that a hearing be held on the issues presented in this federal proceeding as to the right to exoneration and/or limitation of liability as asserted by the petitioners.

The best evidence that limitation proceedings of this type are a complex subject is that the leading text on the subject, Benedict on Admiralty, devotes many pages to point out the different and complex procedures that result from the application of the Statute. Benedict on Admiralty, Vol. 3, pgs. 310–647. However, there are no grounds presented to foreclose the petitioners at this time. The rights of the parties must be decided at a hearing. The claimants have filed their claims and answers in this Court and may contest the right asserted by the petitioners for exoneration from or limitation of liability. 3 Benedict, pg. 344. The owner of a vessel need only allege and prove that he has been sued for injury done, occasioned or incurred without his "privity or knowledge" to claim the benefit of the limitation of liability statute. Colonial Sand & Stone Co., Inc. v. Muscelli, 2 Cir., 151 F.2d 884, 885.

These are considerations that may affect the discretion of the Court in reference to the State suits, depending upon what is developed at the hearing to be

held. See 3 Benedict, pg. 590; Pershing Auto Rentals, Inc. v. Gaffney, 5 Cir., 279 F.2d 546, 552; In re Wood's Petition, 2 Cir., 230 F.2d 197, 199. The burden of proof on the issues presented by the petition and answers is explained in 3 Benedict, pg. 553, and Southern Pacific Co. v. United States, 2 Cir., 72 F.2d 212, 215.

The motion is denied except that a hearing shall be held at the regular November term in Albany on a date to be fixed the opening day of that term, November 9, 1960. The case is already listed as Court Case No. 56 on the November calendar in accordance with the note of issue filed.

It is so ordered.