UNITED STATES of America,
Libelant,

v.

ARTICLE OF DEVICE LABELED IN PART "110 V VAPOZONE * * * Patent C. Ronzi * * * Karlsruhe, Germany" etc., Respondent.

No. 39669.

United States District Court
N. D. California, S. D.

March 30, 1961.

Robert Ensign, Assistant U. S. Atty., San Francisco, Cal., for libelant.

Boyken, Mohler & Wood, San Francisco, Cal., and Reeser, Farrow, Barton & Barton, Oakland, Cal., for respondent.

SWEIGERT, District Judge.

This matter is before the Court upon a motion by claimant, Elizabeth Blumenthal, to dismiss the libel or in the alternative, for return of the property pending trial.

The amended libel, filed under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq., 21 U.S.C.A. § 301 et seq., alleges that the property here involved, a device known as 110 V Vapozone, is a device within the meaning of Sec. 321(h); that it was shipped from Karlsruhe, Germany to San Francisco; that it was accompanied by six promotional leaflets intended to be used to promote the sale thereof and constituting labeling within the meaning of Sec. 321(m); that the device was misbranded within the meaning of Sec. 352(a) in that the said labeling was false and misleading, and that, therefore, the device

was illegally held by claimant and subject to seizure under Section 334.

Sec. 334(a) provides: "Any article [or] device * * * that is *.* * misbranded when introduced into or while in interstate commerce or while held for sale * * * after shipment in interstate commerce * * * shall be liable to be proceeded against while in interstate commerce, or at any time thereafter * * *."

Sec. 352(a) provides: "A drug or device shall be deemed to be misbranded * * * If its labeling is false or misleading in any particular."

Sec. 321(m) provides: "The term 'labeling' means all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article."

The claimant has filed an answer denying the allegations of the libel and alleging that the only labeling shipped with the device were instructions to put it together; an affidavit alleging that she is a physical therapist, who uses the device in her practice, and that the device is beneficial to her patients and will not result in harm to the public; and a further affidavit alleging that she purchased the device in Germany, that it was shipped to her at San Francisco at her request without any label, except the instructions for assembling the device; that the six pamphlets referred to in the amended libel, explaining technical aspects of the device and its effects in the treatment of certain ailments, were handed to her in Germany prior to the purchase and shipment and have not been used by her as a brand or label of the device or to promote the sale of the device, which, she alleges, is not held, intended or offered for sale.

Claimant contends that on this record the six leaflets in question do not constitute labeling within the meaning of Sec. 321(m) because they did not accompany the device.

The United States Supreme Court has held that literature shipped separately from drugs could be deemed to accompany the drugs within the meaning of Section 321(m) if the literature and the drugs had a common origin and destination as part of an integrated transaction. Kordel v. United States, 1948, 335 U.S. 345, 69 S.Ct. 106, 93 L.Ed. 52; United States v. Urbuteit, 1948, 335 U.S. 355, 69 S.Ct. 112, 93 L.Ed. 61.

Claimant's citation of Alberty Food Products Co. v. United States, 9 Cir., 1950, 185 F.2d 321, does not affect the above rule. That was a libel for misbranding under Sec. 352(f) (1), requiring the labeling of a drug or device (device including contrivances intended for use in the cure of disease or to affect the structure or function of the body, Sec. 321(i) to contain adequate directions for use. The Court merely held that newspaper advertisements did not constitute compliance with the requirement that such directions appear on the labeling and that Sec. 352(c), providing that required information be prominently placed on the label or labeling so as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use, "nullified" the more inclusive definition of labeling in Sec. 321(m).

Read in its context, however, Alberty does not hold that literature, relative to the use and efficacy of the drug or device, when shipped separately from the drug or device, cannot constitute labeling within the meaning of Sec. 321(m). In fact, the Court notes that under Kordel and Urbuteit "such supplemental literature may be deemed a part of the label on the container."

Indeed, if the literature in question be deemed, as claimant suggests, no part of the labeling of the device, then it would follow that the device would be misbranded under Sec. 352(f) (1) as construed in Alberty.

Claimant denies that the device was "held for sale" by her within the meaning of that phrase as used in Sec. 334(a). Even if that be so, the libel states a case under the provision of the section that,

if a device is misbranded "when introduced into or while in interstate commerce" it may be proceeded against "at any time thereafter." See United States v. Olsen, 9 Cir., 1947, 161 F.2d 669, and Lee v. United States, 10 Cir., 1951, 187 F.2d 1005, 1007, the latter holding that at the time of such later seizure the literature need no longer accompany the device.

It is, therefore, unnecessary to decide whether drugs or devices used by a physician for the treatment of patients are "held for sale" within the meaning of Sec. 334(a). We note, however, that the authorities have so broadly construed that language in such cases as to establish precedent for holding that the device in this case, used for treatment of patients, is held for sale within the intent and purpose of the Food and Drug Act. See United States v. 10 Cartons, etc., D.C.1957, 152 F.Supp. 360; Hipolite Egg Co. v. United States, 1911, 220 U.S. 45, 31 S.Ct. 364, 55 L.Ed. 364.

██ Libelant, opposing claimant's alternative motion for return of the property pending trial, contends that the Food and Drug Act does not provide or contemplate return of the property pending trial of the issues, pointing out that, unlike certain other kinds of in rem proceedings, this Act (although containing a provision for release under bond after a decree of condemnation for the purpose of bringing the property into compliance with law, Sec. 334(d)), contains no procedure for releasing the property to the claimant pendente lite. See United States v. 893 Cans, etc., D.C.D.Del.1942, 45 F.Supp. 467; In re United States, 5 Cir., 1943, 140 F.2d 19; also, United States v. 935 Cases, etc., 6 Cir., 1943, 136 F.2d 523, 525; compare, United States v. Olsen, supra.

In any event, it appears in this case by affidavit of Dr. Ralph W. Weilerstein, M.D., Associate Medical Director, Food and Drug Administration, that the device in question produces substantial quantities of ozone for inhalation, that ozone is harmful when inhaled even in very small quantities and the output of

this device is capable of causing severe injury. This statement is not countered by any affidavit of a physician or other expert.

For this reason we believe that return of the device should not be ordered pendente lite.

For the reasons herein stated the motions of claimant are denied and libelant, the prevailing party will prepare an order in accordance with this opinion and in conformity with the Rules of this Court.