UNITED STATES of America

v.

599 CASES, MORE OR LESS, Each Containing 24 14-Ounce Bottles, Tomato Catsup, Labeled in Part:
(Bottle)
"RITTER TOMATO CATSUP Net Contents 14 Oz. Avoir. Sold and Guaranteed by The P. J. Ritter Co., Bridgeton, N. J. U.S.A."

No. 10 of 1961.

United States District Court
E. D. Pennsylvania.
April 19, 1962.

food or injurious to health, and the fact that the government is in the process of developing new tolerances to meet the situation resulting from new manufacturing processes known as comminution and homogenization.

The government has moved under F.R. Civ.P. 12(f), 28 U.S.C.A. to strike, as immaterial, that part of the answer which denies that the catsup is unfit for food or harmful to health and which deals with standards of and tolerances for, rot or mold. The government contends that these two grounds are not defenses under § 402(a) (3), which condemns food as adulterated:

> "(3) if it consists in whole or in part of any filthy, putrid, or decomposed substance, or if it is otherwise unfit for food."

The meaning of this provision, the government contends, is that food is adulterated if it consists partly or entirely of a filthy substance, of a putrid substance, or of a decomposed substance, without regard to whether or not the presence of such unlovely substance renders it unfit for food. Defendant contends that the provision means that food is adulterated only if the food is rendered unfit for food, i. e., injurious to health, by the presence of a filthy, a putrid, or a decomposed substance, or is rendered unfit for food in some other way.

The government indeed has respectable authority for its contention: United States v. 449 Cases Containing "Tomato Paste," 212 F.2d 567, 45 A.L.R.2d 846 (2d Cir. 1954) (dissent by Judge Frank); Bruce's Juices, Inc. v. United States, 194 F.2d 935 (5th Cir. 1952); A. O. Andersen and Co. v. United States, 284 F. 542 (9th Cir. 1922); Salamonie Packing Co. v. United States, 165 F.2d 205 (8th Cir. 1948); United States v. 1851 Cartons, etc., Frosted Fish, 146 F.2d 760 (10th Cir. 1945); see also Maris, J., in United States v. 133 Cases of Tomato Paste, 22 F.Supp. 515 (E.D.Pa.1938).

The most recent case in a Court of Appeals, however, United States v. 1500 Cases Tomato Paste, 236 F.2d 208 (7th

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for plaintiff.

Joseph J. Brown, Philadelphia, Pa., for defendant P. J. Ritter Co.

GRIM, Senior District Judge.

This is a proceeding for the seizure of catsup under the Federal Food, Drug, and Cosmetic Act, enacted in 1938, 21 U.S.C.A. § 301 et seq. The libel avers that the catsup is adulterated within the meaning of section 402(a) (3) of the Act, 21 U.S.C.A. § 342(a) (3), "in that it consists wholly or in part of a decomposed substance by reason of the presence therein of decomposed tomato material." The answer of P. J. Ritter Company avers that it is the owner, manufacturer, and claimant of the catsup, denies that the catsup is adulterated within the meaning of section 402(a) (3), or that it is "unfit for food, or harmful to health," and avers that the decomposed tomato material is known as rot, "which is present in varying degrees in all processed tomato products" and "represents a breakdown of tomato tissue caused by mold." The answer then sets up the government's technique for estimating the amount of mold or rot, its tolerances for determining how much rot or mold can be present without rendering the material unfit for

Cir. 1956), refused to follow the earlier cases, the court there saying, 236 F.2d at p. 210:

"We find it impossible to agree with the accepted interpretation of Section 342(a) (3), 21 U.S.C.A., without ignoring completely the word 'otherwise' therein."

Since this court, speaking by the authoritative voice of Judge Maris, has construed the provision as condemning food as adulterated without regard to whether or not it is unfit for food, United States v. 133 Cases of Tomato Paste, supra, the ruling of Judge Maris in that case will be followed here.

### ORDER

AND NOW, April 19, 1962, the government's motion to strike portions of the answer is granted.